IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

REXANNA L. PRICE, )
 )
        Plaintiff, )
 )
v. ) Case No. CIV-11-221-KEW
 )
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
 )
        Defendant. )

**OPINION AND ORDER**

Plaintiff Rexanna L. Price (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on October 1, 1962 and was 47 years old at the time of the ALJ's decision. Claimant completed her high school education. Claimant worked in the past as a custodian and nurse's aide. Claimant alleges an inability to work beginning September 1,

2002 due to limitations resulting from neck pain, shoulder pain, back pain, leg pain, arm and hand problems, dizziness, depression, and headaches.

## Procedural History

On November 26, 2008, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On December 3, 2009, an administrative hearing was held before ALJ Deborah L. Rose in Tulsa, Oklahoma. On January 14, 2010, the ALJ issued an unfavorable decision. On April 28, 2011, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made her decision at step five of the sequential evaluation. She determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of light work.

## Errors Alleged for Review

4

Claimant asserts the ALJ committed error in (1) failing to properly evaluate medical source evidence; (2) failing to properly consider all of Claimant's impairments at steps 2 and 3; (3) improperly applied the Grids at step 5 and failed to include all of her impairments in the hypothetical questioning of the vocational expert and in the RFC determination; and (4) engaging in an improper credibility determination.

**Evaluation of the Medical Source Evidence**

Claimant first contends the ALJ failed to weigh the opinion of Dr. Patrice Wagner, a consultative examiner. In her decision, the ALJ determined Claimant suffered from the severe impairments of osteoarthritis and fibromyalgia. (Tr. 13). After reciting Claimant's testimony on her limitations, the ALJ found Claimant's statements regarding the intensity, persistence, and limiting effects of her symptoms were not credible as they were inconsistent with the RFC assessment. (Tr. 15). She concluded Claimant could perform a full range of light work. (Tr. 14). The ALJ applied the grids in finding Claimant could perform various available jobs in the national economy. (Tr. 18-19).

Claimant states the ALJ did not properly state the weight given to any medical opinion other than the state agency medical consultant's opinion, to which she attributed "great weight." (Tr.

5

18). Claimant then specifically identifies the opinion of Dr. Patrice Wagner as one the ALJ cited but failed to state the weight given to the opinion. Claimant objects to the ALJ only setting forth the portions of Dr. Wagner's opinion which was unfavorable to a finding of disability and failed to reference the favorable statements.

Dr. Wagner evaluated Claimant on January 17, 2009. She did find Claimant's pain appeared to be out of proportion to the amount of pain medication she took and the amount of verbal energy she demonstrated. Dr. Wagner also found Claimant was "[d]ifficult to evaluate secondary to claimant complaining of pain at every placed (sic) touched." Dr. Wagner stated in her report that Claimant used the right side of her body during exam, used her right hand to open a closed door, and stepped up into a high SUV. Although Claimant would not grip Dr. Wagner's hand during the examination, she was able to grip her apparently heavy bag and her cane. She had ankle and knee braces but would not remove them during the examination. (Tr. 274-75).

Dr. Wagner noted in her examination that Claimant "[m]oves all extremities with exaggerated stiffness." She showed an "intention tremor" with all movements during the exam but not when reaching for her bag. Claimant was able to pick up and manipulate paperclips without difficulty. No swelling or deformity of the

6

joints was noted. Grip strength and great toe strength were equal bilaterally at a 3/5. Claimant moved about the room with "exaggerated disease." She had full range of motion of the spine, finger to thumb opposition was adequate, fine tactile manipulation of objects was normal, straight leg raising was negative, but Claimant was unable to toe or heel walk. Dr. Wagner noted Claimant ambulated with a stable gait at an appropriate speed without the use of assistive devices. She did use a cane but ambulated well without it. (Tr. 275). Dr. Wagner diagnosed Claimant with chronic pain secondary to osteoarthritis, fibromyalgia, and rheumatoid arthritis, although she concluded "[n]ot evident in this exam, but difficult to assess." She also found Claimant to have lupus, HTN – controlled, hyperlipidemia, DM II, and asthma. Id.

The only material omission of evidence from Dr. Wagner in the RFC assessment is the reduction in grip strength she noted. This is noted in both her report and the Physical Residual Functional Capacity form completed by Dr. Janet Rodgers on February 4, 2009. (Tr. 284). It is apparent the physicians believed Claimant was exaggerating or malingering in presenting her condition during the examination. The reduction in grip strength may be exaggerated as well given the other contrary findings that her manipulation was satisfactory and she could grasp a hammer. (Tr. 279). Nevertheless, even on this scant evidence, the ALJ should have

referenced the finding of reduced grip strength in her RFC assessment, especially in light of Claimant's testimony noted by the ALJ of her problems with her hands. (Tr. 14). Certainly, it is well-recognized in this Circuit that an ALJ is not required to discuss every piece of evidence. Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996). However, she is required to discuss uncontroverted evidence not relied upon and significantly probative evidence that is rejected. Id. at 1010. An ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007). On remand, the ALJ shall consider the medical finding of a Claimant's reduction in grip strength.

As to the discussion of weight given to the opinions, this Court finds no error in the ALJ's discussion of the opinions with regard to the weight provided to each.

**Step Two and Step Three Findings**

Claimant next contends the ALJ failed to consider all of her impairments at steps 2 and 3. Specifically, Claimant asserts she was diagnosed with depression and was treated with anti-depressants, yet the ALJ failed to find this condition to be a severe impairment. The ALJ recognized Claimant's testimony that

she was taking Cymbalta for depression and she set this out in her filings with the Social Security Administration under her medications. (Tr. 15, 230). The only non-self-serving statement made by a medical practitioner concerning this condition was a nurse practitioner in October of 2009 who stated Claimant was depressed and was taking Cymbalta. (Tr. 291). Based solely on the fact that this matter must be remanded on other grounds and not upon the presence of evidence of impairment, the ALJ shall re-evaluate and discuss Claimant's alleged depression.

### Application of the Grids

Claimant contends the ALJ improperly applied the grids because she failed to include all of Claimant's impairments in her RFC and hypothetical questions. Until the extent of Claimant's impairments are reassessed by the ALJ on remand, the application of the grids cannot be appropriately determined. Upon review of the effect of Claimant's documented reduction in grip strength and alleged depression, the ALJ shall again consider the propriety of applying the grids.

### Credibility Determination

Claimant contends the ALJ improperly assessed Claimant's credibility. This Court has thoroughly reviewed Claimant's testimony and the ALJ's finding on credibility and finds absolutely

no error in her conclusions. It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3. The ALJ properly assessed Claimant's credibility in light of the medical record.

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED this 30th day of July, 2012.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE